USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 96-1938 UNITED STATES, Appellee, v. GARY JOHNSON, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Boudin and Lynch, Circuit Judges. ______________ ____________________ Gary Johnson on brief pro se. ____________ Sheldon Whitehouse, United States Attorney, and Edwin J. __________________ ________ Gale, Assistant United States Attorney, on brief, for appellee. ____ ____________________  October 25, 1996 ____________________ Per Curiam. Gary Johnson, who is currently serving a 37 __________ month sentence in federal prison, appeals from the district court's denial of his pro se motion for immediate release.  First, he argues that under 18 U.S.C. 3584(a), which provides in relevant part that terms of imprisonment "may not run consecutively for an attempt and for another offense that was the sole objective of the attempt," he is entitled to immediate release. This argument is based on the erroneous assumption that the federal crime of possessing a firearm with an obliterated serial number and the state crime of robbery constitute "an attempt" and "another offense that was the sole objective of the attempt" under the statute. However, these are distinct crimes for which the sentences may run consecutively. Second, Johnson argues that under 18 U.S.C. 3585(a), his federal sentence began to run while he was in state custody, because that statute does not specifically state that a prisoner must be in federal custody to cause the _______ sentence to begin running. This argument does not take into account all of the pertinent portions of the statute, which provides that "[a] sentence . . . commences on the date the defendant is received in custody . . . [at] the official detention facility at which the sentence is to be served." Because the federal government never designated the state prison as "the official detention facility" where Johnson's -2- federal sentence would be served, his federal sentence did not begin to run until he reached the federal prison that was designated as his "official detention facility." Third, Johnson argues that under 18 U.S.C. 3585 (b) he is entitled to have the time he spent in state custody credited toward his federal sentence. The statue provides in relevant part: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." Crediting the time Johnson spent in state prison against his federal sentence would be improper under this statute because Johnson's detention at the state facility was credited against his state sentence. Finally, Johnson argues that the state court had the power to order his federal and state sentences to run concurrently. However, a state court does not have this power where, as here, the state sentence is to be served first. Any error that occurred in this case occurred in state court, while the federal court acted entirely properly; any remedy for this harm would involve Johnson's state sentence rather than his federal sentence. Johnson has already finished serving his state sentence. We therefore summarily affirm the district court's order and deny appellant's motion for immediate release. -3- Affirmed. Loc. R. 27.1. ________